UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-69 |
| | ) | (VARLAN/GUYTON) |
| JOHN REECE ROTH, and | ) | |
| ATMOSPHERIC GLOW TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter came before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on for consideration of the Defendant Roth's Motion For Bill Of Particulars [Doc. 12] and the Defendant Roth's Motion To Strike Surplusage [Doc. 14]. The government has responded in opposition to the Motions [Docs. 18 and 19].

The Court conducted a hearing on July 28, 2008 with regard to the Motion For Bill of Particulars. The defendant requested certain information which the government announced that it would provide, or at least attempt to provide. In addition, the defendant requested the identity of actors, known to the government, who are alleged to have engaged in specific conduct set forth in the Indictment, (as opposed to seeking the identities of unindicted coconspirators). The government objected to this request, arguing that the defendant's request impermissibly seeks the government's list of potential witnesses. The Court finds that the government's objection to providing the identities of witnesses is well-taken, and to that extent the Motion [Doc. 12] is **DENIED**; in all other respects, the Motion [Doc. 12] is taken under advisement while the parties endeavor to work out the matters of dispute, and the parties will advise the Court prior to the pretrial conference on August

18, 2008 if any issues remain.

With regard to the Motion To Strike Surplusage [Doc. 14], the defendant objects to the use of the word "munitions" used in conjunction with the contracts in issue. That objection is not well-taken, and it is **DENIED**. The defendant further objects to the inclusion in the Indictment of paragraphs 14-22, the section of the Indictment titled "The Arms Export Control Act." The defendant argues that this section improperly instructs the jury on the law and further, that it is unnecessary and unfairly prejudicial to the defendant. The government argues that this section of the Indictment "identifies and restates the relevant and controlling statutes and regulations that relate to the allegations and charges against both of the defendants" [Doc. 18]. The government asserts that without the inclusion of this section, "neither the defendant nor the jury could understand the nature of the charges." [Doc. 18].

The Court agrees with the defendant that the section of the Indictment titled The Arms Export Control Act, paragraphs 14-22, contains few allegations of the facts which the government must prove at trial to support a conviction. Rather, it is, for the most part, a summary of the law. However, the Court does not find that paragraphs 14-22 of the Indictment are so irrelevant and prejudicial so as to warrant striking them from the Indictment. Therefore, the Court **DENIES** the Motion To Strike Surplusage [Doc. 14].

**IT IS SO ORDERED.**

ENTER:

 s/ H. Bruce Guyton 
United States Magistrate Judge