UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-69 |
| | ) | (VARLAN/GUYTON) |
| JOHN REECE ROTH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court defendant's Motion in Limine to Exclude Evidence Relating to Threats to National Security [Doc. 27; *see also* Doc. 28], in which defendant requests an order from the Court excluding evidence suggesting that defendant's actions threatened national security. The government filed a response in opposition [Doc. 32], and the Court heard oral arguments on the motion at the pretrial conference on August 18, 2008 from both defendant and the government.

Defendant argues that evidence suggesting that defendant's actions threatened national security, including testimony on the purpose of the Arms Export Control Act ("AECA"), has no relevance to the elements of the charged crimes but will likely unfairly prejudice the jury. Defendant explains that if the government argues that his actions caused a national security threat, it suggests to the jury that defendant caused a threat to their safety and it will make the jurors partial.

The government responds arguing that the threat to national security is relevant to whether defendant's conduct was illegal. Defendant is charged with unlawfully exporting defense articles to foreign nationals and to the People's Republic of China in violation of the AECA. The government states that almost by definition, a defense article is an item that has the potential to threaten national security, and thus, evidence that defendant created a threat to national security is relevant to demonstrate that he violated the law.

The AECA makes it unlawful to export defense articles as defined by the International Traffic in Arms Regulations. 22 U.S.C. § 2778; 22 C.F.R. §§ 120.1-130.17. Items which have already been designated as defense articles constitute the Unites States Munitions List (USML). 22 C.F.R. § 120.2; *see also id.* at § 121.1. The policy used to designate new defense articles states,

> An article or service may be designated or determined in the future to be a defense article . . . or defense service . . . if it:
>
> (a) Is specifically designed, developed, configured, adapted, or modified for a military application, and
>
> (i) Does not have predominant civil applications, and
>
> (ii) Does not have performance equivalent (defined by form, fit and function) to those of an article or service used for civil applications; or
>
> (b) Is specifically designed, developed, configured, adapted, or modified for a military application, and has significant military or intelligence applicability such that control under this subchapter is necessary.

22 C.F.R. § 120.3. Based upon a review of the items on the USML and the policy statement regarding designation of future defense articles, the Court agrees with the government that

2

whether an item is considered a defense article is at least in part related to its role in military operations and therefore references to the threat to national security caused by disclosure of the alleged technical data at issue in this case is relevant to the charges in the Indictment. Because of this relevance, the Court will not exclude all references to threats to national security, however, defendant may object at trial to any references that he believes are irrelevant to the charged crimes.

## III. Conclusion

For reasons stated herein, defendant's Motion in Limine to Exclude Evidence Relating to Threats to National Security [Doc. 27] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE