UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | 3:08-cr-69 |
| v. | ) | (Varlan/Guyton) |
| | ) | |
| JOHN REECE ROTH, | ) | |
| | ) | |
| Defendant. | | |

**THE UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT ROTH'S MOTION FOR JUDGMENT OF ACQUITTAL**

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Tennessee, and files this response in opposition to Defendant Roth's Motion for Judgment of Acquittal ("Motion for Acquittal," Doc. 67) and Memorandum of Law in Support of Motion for Judgment of Acquittal ("Memorandum," Doc. 68) as follows:

The defendant has moved for a judgment of acquittal based upon two separate arguments that he advances under the rubric of Federal Rule of Criminal Procedure 29(c). First, the defendant claims that his conviction by the jury should be reversed by the Court as "neither the Force Stand nor the data" at issue identified in the Indictment "was a 'defense article' or 'technical data' relating to a 'defense article' as those terms are defined in Category VIII of the United States Munitions List ("USML")." Second that, as a general proposition, "the evidence is insufficient to sustain a conviction, that is, to establish that the defendant willfully violated the Arms Export Control Act ("AECA")." Memorandum, p.1. Both of these arguments are insufficient and his Motion for Acquittal should be denied.

## Standard of Review

The only proper basis for a motion for acquittal under Fed.R.Crim.P. 29 is that the "evidence is insufficient to sustain a conviction." *United States v. Cox*, 593 F.3d 46, 48 (6th Cir. 1979). The defendant bears the burden of demonstrating this basis; should the government's case meet the threshold of legal sufficiency of evidence, a court should not grant such a motion for any other basis, such as "in the interests of justice." *United States v. Brown*, 602 F.2d 1073, 1076 (2d Cir.) *cert. denied*, 444 U.S. 952 (1979); *United States v. Brown*, 587 F.2d 187, 190 (5th Cir. 1979). When reviewing a Rule 29 motion, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002); *United States v. Ward*, 190 F.3d 483, 487-88 (6th Cir. 1999), *cert. denied*, 528 U.S. 1118 (2000); *accord, e.g., United States v. Sawyers*, 409 F.3d 732, 735 (6th Cir. 2005); *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999).

This standard applies equally to circumstantial and direct evidence. *Humphrey*, 279 F.3d at 378. Indeed, "[c]ircumstantial evidence alone, if substantial and competent, may support a verdict and need not remove every reasonable hypotheses except that of guilt." *Id.* (quoting *United States v. Taylor*, 194 F.3d 758 (6th Cir. 1999), companion case to *United States v. Talley*, 164 F.3d 989 (6th Cir. 1999)). Moreover, the Court should not "weigh credibility so long as it is not factually insubstantial or incredible." *United States v. Welch*, 97 F.3d 142, 151 (6th Cir. 1996), *cert. denied*, 514 U.S. 1134 (1997); *United States v. Abdullah*, 162 F.3d 897, 903 (6th Cir. 1998). Rather than a matter for the Court

to evaluate, "credibility of witnesses is exclusively the province of the jury." *United States v. Bonds*, 22 F.3d 662, 667 (6th Cir. 1994); *United States v. Stubbs*, 11 F.3d 632, 638 (6th Cir. 1993). Accordingly, a Rule 29 motion should not be granted even if the trial judge does not believe the government's witness. *United States v. Weinstein*, 452 F.2d 704, 713 (2d Cir. 1971), *cert. denied*, 406 U.S. 917 (1972). The fact that much of the evidence is supplied by a cooperating witness is irrelevant to the sufficiency determination. *See United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996). As the Sixth Circuit has stated, "sufficiency-of-the-evidence appeals are 'no place...for arguments regarding a government witness's lack of credibility.'" *United States v. Burns*, 298 F.3d 523, 534 (6th Cir. 2002).

## Argument and Memorandum of Law

1. <u>The Defendant's Arguments</u>.

In the first prong of his Motion for Acquittal, the defendant first attempts to weave into a Rule 29 tapestry three interrelated legal arguments as to the proper statutory construction and interpretation of the Arms Export Control Act (AECA) and the governing regulations known as the International Traffic in Arms Regulations (ITAR). These statutory and regulatory based arguments do not represent the threads of an "insufficient evidence" argument but rather are pulled from the fabric of a violation of constitutional rights claim. In essence, the defendant seeks a judicial determination from the Court that neither the technical data at issue in this case nor the Force Stand, by its very character and nature, actually qualifies or could legally be determined to be defense articles as defined by the United States Munitions List (USML).

3

In this respect, the defendant opens his argument first by claiming as follows: "None of the Phase II items subject to the AECA counts were technical data directly relating to an aircraft specifically designed, modified, or equipped for military purposes." Memorandum, p.5. Second, he follows with another claim that "[t]he data which are the subject of the Indictment do not fit within this category and therefore do not constitute technical data relating to a defense article within the meaning of Category VIII of the USML," apparently referring to the preceding sentence that cited Category VIII(a) of the USML as to "*aircraft* specifically designed, modified, or equipped for military purposes" or data relating thereto. Id., at p.7. Third, with regard to the Force Stand, he argues that "[t]hese definitions [of 22 C.F.R. § 121.1, Category (h)] compel the conclusion that the Force Stand was not a component, part accessory, attachment or associated equipment of an aircraft, and therefore could not constitute a defense article within the meaning of Category VIII of the USML." Id., at 8. He concludes his statutory definitional based argument by stating that "[f]or these reasons, this Court should hold that the Phase II data are not technical data covered by Category VIII of the USML and that the Force Stand is not a defense article pursuant to Category VIII of the USML." Id., at 9.

Following his broad statutory based argument that the technical data in question should not qualify as a defense article listed in the USML, the defendant advances the second prong of his Motion for Acquittal with brief arguments to the effect that the evidence was insufficient to prove a willful violation of the AECA as the government failed to show that the technical data at issue in this case was not "fundamental research" of the type that is excepted from export control restrictions of the International Traffic in Arms Regulations (ITAR). Memorandum, p.10.

The defendant devotes the large portion of his Memorandum to arguing that the Court does indeed have the jurisdiction and authority to make a "judicial determination of whether the items which are the subject of the Indictment constitute defense articles," Memorandum, p. 11, despite the clear statutory provisions of 22 U.S.C. § 2778(h), and existing case law, to the contrary. Again, in essence, the defendant attempts a gossamer weave of various constitutional based arguments such as the "vagueness doctrine, the rule of lenity, and principles of due process" into a Rule 29 motion. Id., at 17. This is not a question of "insufficient evidence" under Rule 29, rather these are arguments of statutory construction and interpretation.

The defendant ends with a brief conclusive argument that "[t]he evidence is insufficient to establish that Defendant willfully exported technical data directly relating to a defense article" and that he "entered into an agreement to willfully violate the AECA or intended to defraud the University of Tennessee." Memorandum, p.18. The gist of his argument appears to be that the government failed to submit sufficient evidence to support a conviction as "there is considerable uncertainty in the application of the law (and disagreement among the government's experts) in determining whether the Force Stand or Phase II data at issue was a component of or directly related to military aircraft." Id., at 18. In this respect, the defendant centers his argument on his claim that various government witnesses lacked unanimity in agreement as to which subsection of the USML was most applicable to the technical data in question, or were otherwise inconsistent in their testimony. Memorandum, pp.2-3. Yet it is well established that "[a]ttacks on witness credibility are simply challenges to the *quality* of the government's evidence and not the sufficiency of the evidence. *United States v. Adamo*, 742 F.2d

The defendant devotes the large portion of his Memorandum to arguing that the Court does indeed have the jurisdiction and authority to make a "judicial determination of whether the items which are the subject of the Indictment constitute defense articles," Memorandum, p. 11, despite the clear statutory provisions of 22 U.S.C. § 2778(h), and existing case law, to the contrary. Again, in essence, the defendant attempts a gossamer weave of various constitutional based arguments such as the "vagueness doctrine, the rule of lenity, and principles of due process" into a Rule 29 motion. Id., at 17. This is not a question of "insufficient evidence" under Rule 29, rather these are arguments of statutory construction and interpretation.

The defendant ends with a brief conclusive argument that "[t]he evidence is insufficient to establish that Defendant willfully exported technical data directly relating to a defense article" and that he "entered into an agreement to willfully violate the AECA or intended to defraud the University of Tennessee." Memorandum, p.18. The gist of his argument appears to be that the government failed to submit sufficient evidence to support a conviction as "there is considerable uncertainty in the application of the law (and disagreement among the government's experts) in determining whether the Force Stand or Phase II data at issue was a component of or directly related to military aircraft." Id., at 18. In this respect, the defendant centers his argument on his claim that various government witnesses lacked unanimity in agreement as to which subsection of the USML was most applicable to the technical data in question, or were otherwise inconsistent in their testimony. Memorandum, pp.2-3. Yet it is well established that "[a]ttacks on witness credibility are simply challenges to the *quality* of the government's evidence and not the sufficiency of the evidence. *United States v. Adamo*, 742 F.2d

927, 935 (6th Cir. 1984), *cert. denied*, 469 U.S. 1193 (1985). In any event, as noted above, the issue of the credibility of a witness is not a matter for consideration under a Rule 29 motion. *United States v. Bearden* 274 F.3d 1031 (6th Cir. 2001).

    2.    <u>The Government Presented Sufficient Evidence to the Jury</u>.

A review of the evidence presented to the jury at trial demonstrates that the government presented more than sufficient evidence such that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Ward*, 190 F.3d 483 (6th Cir. 1999). As the Court charged to the jury, the government had to prove that the defendant (1) exported, attempted to export, or caused to be exported to a foreign national or from the United States to a foreign country a defense article or technical data directly relating to such defense article; (2) without a license; and (3) did so knowingly and willfully. Charge to the Jury, pp. 32-33.

The government submitted testimony and evidence that each and every of the items identified as defense articles in the Indictment had been subject to a determination by the government to be defense articles of a nature and type listed on the USML, and that these items had been exported without a license. This evidence took the form of both (i) Government Exhibit 45A (with regard to the determination of defense articles) and Government Exhibit 45B (with regard to a lack of applicable export licenses) and (ii) the associated testimony of Anthony Dearth of the Department of State and Jesse Crump of the Department of Defense. That provided the jury with more than sufficient evidence to make a rational finding of fact that the "items" in questions, including the Force Stand and the technical data in the identified documents, were in fact defense articles of the type and nature listed on the USML. The jury determined as

6

a question of fact that the items in question were, based upon this evidence, of the nature and character of a defense article listed in the USML. The defendant challenged, as a factual matter, the government's determination of these items and claimed that the evidence did not support the government's determination that the data and Force Stand were defense articles of the nature listed under Category VIII of the USML, but the jury rejected that claim. The defendant may not agree with that finding now and he may have offered to the Jury through his testimony an innocent explanation for his conduct, but the jury is free to reject that. *United States v. Schreane*, 331 F.3d 548 (6th Cir.), *cert. denied*, 540 U.S. 973 (2003).

Further, there was more than sufficient evidence and testimony that the defendant knew that (1) the defense articles (whether the technical data or the Force Stand) at issue had been "exported" to a foreign national or to a foreign nation, (2) he did not have an export license and (3) the information, or data, in question was subject to export control, e.g., through the testimony of a co-conspirator Daniel Sherman or the defendant's own notes introduced in evidence as Government Exhibit 54.

More importantly, with regard to the central argument made by the defendant, it is not now either the role or function of the Court under a Rule 29 motion to make a judicial determination of the type the defendant seeks that "the Phase II data are not technical data covered by Category VIII of the USML and that the Force Stand is not a defense article pursuant to Category VIII of the USML." Memorandum, p.9.

There are two separate and independent issues for the Court to consider. First, did the jury make a factual determination based upon sufficient evidence that the items in question were of the type and nature of a defense article listed on the USML based

7

upon, at the very least, Government Exhibit 45A and the testimony of multiple government witnesses relating to the nature and advanced character of the technical data and the Force Stand? The government submits the clear answer is yes; the jury was free to accept or reject the government's proof on this question, proof that was subject to extensive cross examination and factual challenge by the defendant. *See, e.g. United States v. Tsai*, 954 F.2d 155, 160 (3rd Cir. 1992)(testimonial evidence "coupled with the State Department certification, was more than sufficient to establish defendant's need for an export license.") Simply put, the jury made that factual determination based upon sufficient evidence presented at trial. The Court should not make an independent "judicial determination" to the contrary based upon a statutory or regulatory interpretation as such a determination would constitute a decision precluded by 22 U.S.C §2278(h).

Second, on this latter question, is it the role or function of the Court to make a separate and independent "judicial determination" of the type requested by the defendant to *override* a factual finding by the jury of that a specific item is a defense article of the type listed on the USML based upon the myriad of legal (not factual) arguments to the contrary advanced in his Motion for Acquittal and Memorandum? The government submits the proper answer is no, that it is not a proper function of the Court pursuant to 22 U.S.C. § 2278(h) and pertinent case authority. Without seeking to rebut point by point the defendant's arguments as to statutory or regulatory construction and interpretation of the AECA and the ITAR, suffice it to say that the defendant is asking the Court to do what the AECA directly precludes. Namely, render a judicial determination that, by statutory or regulatory definition or meaning, the "data which are

8

the subject to the Indictment...do not constitute technical data relating to a defense article within the meaning of Category VIII of the USML," or put separately, that "the Phase II data are not technical data" and "that the Force Stand is not a defense article" of the type that was covered by Category VIII of the USML. Memorandum, pp. 7&9.

This is just the type of judicial determination rejected by the Eleventh Circuit with regard to a case wherein the defendants, having been convicted of violating the AECA, challenged whether the devices in question were "not military in character and therefore [did] not belong on the Munitions List." *United States v. Martinez*, 904 F.2d 601, 601 (11th Cir. 1990). The *Martinez* Court noted that the defendants, in seeking a reversal of their AECA conviction, were asking "the Judicial Branch of Government to excuse conduct which [the defendants] knew to be criminal, based upon their disagreement with the political decision made by the Executive Branch of Government" in determining that these items should be on the USML. *Id.,* at 603. The *Martinez* Court declined to override the government's determination of these devices as defense articles given that "[n]o satisfactory or manageable standards exist for judicial determination of the issues. *Id,* at 602. Further, the *Martinez* Court noted that Congress had recently enacted Section 2778(h) to "shield the contents of the Munitions List from judicial review," and that while it was unclear whether "the statutory amendment applies to this case, it is clear that the amendment supports the judicially developed doctrine here applied." *Id.*, at 603.

Further, in *Karn v. U.S. Department of State*, 925 F.Supp 1, 5-6 (D.D.C. 1996), the court noted that the plaintiff in that action was asking the court to interpret 22 U.S.C. §2778(h) by construing that provision "so narrowly as to cover only the act of listing

9

items on the munitions list contained in Part 121 of the ITAR and not the determination whether an item...is actually covered by the language of the munitions list pursuant to the definitional provisions contained in Part 120 of the ITAR." This is exactly what the defendant would have the Court do in this case. As the evidence and testimony admitted at trial demonstrated, the Department of State has determined that the items in question were actually "covered by the language of the munitions list" (the ITAR), i.e., were defense articles, which evidence directly addressed one of the elements of the offense the government was required to prove.

Whether these items were of the character and nature of defense articles listed on the USML was a question of fact which the jury determined was proved beyond a reasonable doubt. For the Court now to find, as the defendant requests, that it can "parse the statute" and independently make a determination, whether through statutory definition or interpretation, that any one of the items the government determined to be defense articles, and of which the jury found as a fact to be such, is not a defense article by its own interpretation would "entail a policy judgment best left to the executive branch, and is incapable of resolution by any judicially discoverable or manageable standard." *United States v. Moller-Butcher*, 560 F.Supp. 550 (D. Mass. 1983) (with regard to Export Administration Act, 50 U.S.C. §§2401-2420, prosecution).

## Conclusion

The question before this Court in the context of Rule 29(c), then is simply whether or not the government presented sufficient evidence, viewed in the light most favorable to the prosecution, for "any rational trier of fact' to reach a factual finding beyond a reasonable doubt that the defendant (1) did export, or attempt to export, or

10

caused to be exported (or conspired to do so), a defense article to a foreign national or to a foreign nation, (2) without a license and (3) did so knowingly and willfully. The Court is in a position to evaluate whether or not the jury had been presented with sufficient evidence to render a conviction under the Rule 29 standard, including the question of whether the jury could find, as a question of fact, that any item at issue was a defense article based upon the State Department certifications and related testimony. The Court, however, is not in a position to render an separate judicial determination based upon statutory or regulatory interpretation as to whether any one of the items in question should be considered a defense article so as to both override the State Department certification and the jury's factual finding based on the evidence.

WHEREFORE, for the reasons, points and authorities cited herein, the United States hereby respectfully requests this Honorable Court to deny the Defendant's Motions for Judgment of Acquittal.

    James R. Dedrick
    United States Attorney

By:   <u>s/A. Wm. Mackie</u>
    A. William Mackie
    Jeffrey E. Theodore
    Assistant United States Attorneys
    800 Market Street, Suite 211
    Knoxville, Tennessee 37902

CERTIFICATE OF SERVICE

   I hereby certify that on September --, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

         s/A. William Mackie
         A. William Mackie
         Assistant United States Attorney


         s/Jeffrey E. Theodore
         Jeffrey E. Theodore
         Assistant United States Attorney