UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHN REECE ROTH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 3:08-CR-69-TAV-HBG-1 |
| | ) | 3:12-CV-08-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner John Reece Roth ("petitioner") with the assistance of counsel. Petitioner seeks to vacate his conviction on count eighteen for wire fraud; he does not challenge his convictions on the remaining counts, although he seeks to be resentenced on the remaining counts. The government has filed its response to the § 2255 motion and concedes that petitioner's conviction for wire fraud should be vacated but objects to resentencing. For the following reasons, the § 2255 motion will be **GRANTED**, the conviction and sentence for wire fraud will be **VACATED**, and petitioner shall be **RESENTENCED** on the remaining convictions. The special assessment will be **REDUCED** by $100.00.

**I.    Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255,

petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings in The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). If the court finds a conviction subject to collateral attack, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**II.    Factual Background**

Petitioner was convicted by a jury of the following: one count of conspiracy to unlawfully export defense articles and services, including technical data and to defraud the United States by dishonest means (count one); thirteen counts of aiding and abetting the unlawful export of technical date (counts 3-14, 17); two counts of aiding and abetting the unlawful export of defense services to a foreign national (counts 15-16); and one count of wire fraud (count 18). He was sentenced to concurrent terms of imprisonment of 48 months on each conviction, for a total effective sentence of 48 months. [Doc. 93]. The Sixth Circuit briefly summarized the facts of the case as follows:

> This case involves violations of the Arms Export Control Act, which imposes export controls on "defense articles and services" without a license. Defendant-appellant John Roth worked as a consultant on a United States Air Force defense research project, which had been awarded to Atmospheric Glow Technologies, Inc. in Knoxville, Tennessee. The project entailed developing plasma technology for use on military aircraft. The government charged Roth with exporting data from the project on a trip to China and allowing two foreign nationals in Knoxville access to certain data and equipment in violation of the Act.

*United States v. Roth*, 628 F.3d 827, 829 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 2011.

Petitioner appealed several of his convictions, although not his conviction for wire fraud. Nevertheless, while the appeal was pending, the government wrote a letter to the Sixth Circuit stating that, in light of the recent Supreme Court decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010), the proof at trial did not support petitioner's conviction for wire fraud and thus his conviction on that count should be vacated [Doc. 112]. The Sixth Circuit affirmed petitioner's convictions. *Roth*, 628 F.3d at 829. In doing so, the Sixth Circuit did not address the *Skilling* issue referenced in the government's letter. *Id*.

**III.   Discussion**

Petitioner contends that his conviction and sentence for wire fraud should be vacated based upon the *Skilling* decision and the government agrees. Accordingly, the Court will vacate petitioner's conviction and sentence for wire fraud.

Petitioner also contends that, under the "sentencing package doctrine," the Court should exercise its discretion to conduct a full resentencing, relying upon *United States v. Mainville*:

3

> "The sentencing package doctrine recognizes that when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan, and that if some counts are vacated, the judge should be free to review the efficacy of what remains in light of the original plan."

[Doc. 112 p. 4 (citing 9 F. App'x 431, 436 (6th Cir. 2001))]. In support of his request for resentencing, petitioner argues:

> [O]nly the Court can know what impact, if any, the invalid conviction on Count Eighteen had on its overall decision to sentence Dr. Roth to 48 months imprisonment. It is not implausible to surmise that it might have had a considerable influence, particularly in light of the government's position and corresponding evidence that University of Tennessee representatives warned, and then explicitly directed, Defendant not to take any of the subject data to China – yet he did so in direct contravention of the instructions of his employer.

[*Id.* at 5-6]. For that reason, petitioner asks the Court to exercise its discretion to resentence him if his conviction for wire fraud "resulted in a harsher sentence than the Court would have otherwise imposed." [*Id.* at 6].

While the government objects to resentencing as unnecessary and unwarranted because petitioner's remaining convictions are valid, the nature and circumstances of the offenses are a factor that the Court considered in sentencing the defendant, 18 U.S.C. § 3553(a); thus, the Court finds it appropriate to exercise its discretion and conduct a full resentencing hearing on petitioner's remaining convictions. *See United States v. Mainville*, 9 F. App'x 431 (6th Cir. 2001); *Pasquarille v. United States*, 130 F.3d 1220 (6th Cir. 1997) (upholding district court's judgment resentencing the defendant who prevailed on § 2255 motion).

4

## IV. Conclusion

Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 will be **GRANTED** and his sentence will be **VACATED**. The Court will schedule a **RESENTENCING** in this matter.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

5

Case 3:08-cr-00069-TAV-HBG   Document 116   Filed 01/02/14   Page 5 of 5   PageID #: 1983